FILED
APR 19 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RMI

Kyung Sook Jones

Plaintiff,

vs. Louis DeJoy, Postmaster General United States Postal Service (pacific Area) Agency

Defendant(s).

CV21 2849

CASE NO. ____________

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:

Address 1439 A street, Eureka Ca 95501

City, State & Zip Code Eureka Ca. 95501

Phone (707) 445-9750

2. Defendant is located at: Postmaster General,

Address United states postal service (pacific Area) Agency

City, State & Zip Code ____________

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

a. __ Failure to employ me.

b. __ Termination of my employment.

c. __ Failure to promote me.

d. X Other acts as specified below.

file EEOC May, 2016. Since then I am subjected to retaliation from postmaster McTigue. I was directed order by management to do Job that against my doctor's restrictions. I was forced to do the Job without written Job offer. supervisor threaten I will loose my Job if I don't deliver parcel. Management put my Health in Danger.

5. Defendant's conduct is discriminatory with respect to the following:

a. X My race or color.

b. __ My religion.

c. __ My sex.

d. __ My national origin.

e. X Other as specified below.

limited duty employee. Retaliation.

6. The basic facts surrounding my claim of discrimination are:

Retaliation. Because I file EEOC May 2016. Since my hour is cut, my Job duty's changed force to do Job beyond physical capability. Management did not follow a Union grievance decision. Management faild to provide safe Job offer to limited duty worker. Because I filed EEO May, 2016.

7. The alleged discrimination occurred on or about February 14, 2020 March 17, 2020.

(DATE)

8. I filed charges with the Federal Equal Employment Opportunity Commission (or the California Department of Fair Employment and Housing) regarding defendant's alleged

discriminatory conduct on or about 04/16/2020.
(DATE)

9. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached), which was received by me on or about 01/16/2021.
(DATE)

10. Plaintiff hereby demands a jury for all claims for which a jury is permitted:

Yes X No ____

11. WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney fees.

DATED: 04/14/2021

Kyungsook Jones
SIGNATURE OF PLAINTIFF

Kyung Sook JONES
PLAINTIFF'S NAME
(Printed or Typed)

(PLEASE NOTE: NOTARIZATION IS NOT REQUIRED.)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Kyung S. Jones, a/k/a
Teresa F.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Pacific Area),
Agency.

Request No. 2021000553

Appeal No. 2020005084

Agency No. 4F-940-0034-20

DECISION ON REQUEST FOR RECONSIDERATION

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Teresa F. v. United States Postal Service, EEOC Appeal No. 2020005084 (October 8, 2020). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In her underlying complaint, Complainant alleged that the Agency subjected her to discrimination on the bases of race (Asian), disability, and in reprisal for protected EEO activity when on February 14, 2020, management did not follow a Step B grievance decision to grant her a Change of Schedule.

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

The Agency issued a final decision dismissing Complainant's complaint for failure to state a claim. Complainant appealed the Agency's decision to the Commission. In our previous decision, we affirmed the Agency's dismissal of Complainant's complaint.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2020005084 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

January 12, 2021
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Kyung S. Jones
1439 A St.
Eureka, CA 95501
Via U.S. Mail

U.S. Postal Service (Pacific)
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP

January 12, 2021
Date

Compliance and Control Division