UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG SOOK JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE (PACIFIC AREA) AGENCY,<br><br>　　　　Defendant. | Case No. 21-cv-02849-HSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 27 |

Pending before the court is Plaintiff's motion to appoint counsel, Dkt. No. 27, which Defendant opposes, Dkt. No. 28. For the reasons set out below, the Court **DENIES** the motion.

**I.　BACKGROUND**

Plaintiff filed this case on April 19, 2021. Dkt. No. 1. Plaintiff alleges that Defendant, her employer, engaged in race discrimination and retaliation, in violation of Title VII, and also alleges Defendant engaged in disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. § 791. *See id.*

Plaintiff previously filed a civil action against the Postmaster General alleging discrimination on the basis of race, national origin, disability, and age, as well as retaliation. No. 4:18-cv-07569-HSG, Dkt. No. 1, Complaint of Employment Discrimination (N.D. Cal. Dec. 17, 2018) ("2018 Case"). In that case, the Court granted Defendant's motion for summary judgment on all claims except the retaliation claim. 2018 Case, Dkt. No. 50. After a trial at which Plaintiff represented herself, the Court found in Defendant's favor on the sole remaining claim. Dkt. No. 102. During the course of the 2018 Case, the Court appointed counsel for the limited purpose of representing Plaintiff in settlement discussions, including a settlement conference facilitated by a

Magistrate Judge.  2018 Case, Dkt. Nos. 53, 59.  The Court denied Plaintiff's other request for appointment of counsel.  *See* 2018 Case, Dkt. Nos. 10, 22.

In her current motion, Plaintiff requests appointment of counsel in order "to fully present the facts to [her] claim as best as possible."  Dkt. No. 27 at 2.  Plaintiff represents that she has "tried very hard to find legal representation over the past months," and explains that it has "been exhausting and distressing to tell [her] story repeatedly and not find the support [she needs]."  *Id.*  Plaintiff says that she has not been able to work since August 26, 2020 due to work-related injuries, leaving her household "primarily dependent on [her] husband's retirement pension."  *Id.*  According to Plaintiff, her income in 2020 was approximately $27,600 and her combined household income was approximately $67,600.  *Id.*

## II.  ANALYSIS

"There is no constitutional right to appointed counsel for employment discrimination claims."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  Title VII of the 1964 Civil Rights Act, however, provides that "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."  42 U.S.C. § 2000e–5(f)(1).  A district court is not obligated to appoint counsel in every case.  *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991).  In exercising its discretion regarding whether to appoint counsel, a district court must assess: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit."  *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

As to the first factor regarding financial resources, Plaintiff is not proceeding *in forma pauperis* and paid the fee to file her case.  *See* Dkt. No. 1.  Plaintiff represents that she has not worked since August 26, 2020 and has exhausted her leave.  Dkt. No. 27 at 2.  According to Plaintiff, her household income is based on her husband's retirement pension, which appears to have been approximately $40,000 in 2020.  *Id.*  The Court appreciates that attorney's fees can be expensive, but the Court does not find that this factor requires appointment of counsel given Plaintiff's combined family income of around $67,000 in 2020.  Regarding the second factor,

Plaintiff explains at a high level that she sought legal assistance but does not provide any further detail. The Court understands that the search for legal counsel can be exhausting, but that in itself is not a reason to appoint counsel.[1] Finally, with respect to the third factor, the Court cannot, at this stage, conclude that Plaintiff's claims are likely to be meritorious given (1) the looming substantial question as to whether she properly exhausted administrative remedies and (2) the weakness of her very similar prior case in which only one claim survived past summary judgment, and in which Plaintiff ultimately prevailed on none of her claims. The Court finds that the third factor militates against appointing counsel.

Plaintiff's request for appointment of counsel is therefore **DENIED** without prejudice to the Court's sua sponte appointment of counsel later should changed circumstances warrant.

**IT IS SO ORDERED.**

Dated: 11/1/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Plaintiff does not indicate whether she discussed the possibility of a contingent-fee arrangement with any of the counsel with whom she met.