UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG SOOK JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DEJOY, POSTMASTER GENERAL UNITED STATES POSTAL SERVICE (PACIFIC AREA) AGENCY,<br><br>　　　　　　Defendant. | Case No. 21-cv-02849-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

　　　　Pro se Plaintiff Kyung Sook Jones alleges claims for racial discrimination, disability discrimination, and unlawful retaliation by Defendant, her employer. *See* Dkt. No. 1. Pending before the Court is Defendant's motion to dismiss, briefing for which is complete. Dkt. Nos. 16 ("Mot."), 22 ("Opp."), 23 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

　　　　Defendant moves to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Mot. To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). And "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the

1   pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. Los*
2   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).
3         Defendant argues that Plaintiff's employment discrimination claims should be dismissed
4   because she failed to exhaust her administrative remedies under the union grievance process. *See*
5   Mot. at 7-10. However, exhaustion is an affirmative defense most appropriately resolved via a
6   motion for summary judgment (and Defendant has already filed that motion, Dkt. No. 41,
7   following a discussion of the issue at the September 2021 case management conference). *See*
8   *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n. 7 (9th
9   Cir. 2009) (citation omitted) ("Whether a plaintiff in a Title VII action has timely exhausted her
10  administrative remedies 'is an affirmative defense, [so] the defendant bears the burden of pleading
11  and proving it.'").
12        Under the liberal standard applicable to *pro se* pleadings, the Court also denies the motion
13  to the extent it is based on a claimed failure to adequately allege the elements, or on *res judicata*.
14  Those issues are best dealt with on a fuller record on a later motion for summary judgment, if the
15  case survives the pending motion based on failure to exhaust.
16        Accordingly, the Court **DENIES** Defendant's motion to dismiss.
17        **IT IS SO ORDERED.**
18  Dated: 3/14/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2